GULOTTA, Judge.
Plaintiff’s suit for the sum of $10,000.00, plus interest and attorney fees, representing the unpaid amount on two promissory notes each in the sum of $5,000.00, dated September 24, 1975 and payable January 1, 1976, executed by Star Amusement Inc. as maker and Harry Duvigneaud as endorser, resulted in an award in favor of plaintiff for the sum of $1,000.00 plus stipulated interest and attorney fees. The notes, made payable to Sam Anselmo, had been executed by Star Amusement and endorsed by Duvigneaud in connection with the purchase of a lounge by Star Amusement from Anselmo. The notes were then allegedly negotiated, before maturity, to plaintiff and plaintiff asserts his rights as a holder in due course against defendants for the unpaid face amount of the notes.
In awarding judgment to plaintiff in the reduced amount, the trial judge allowed defendants a credit for payment made to a third party creditor of Anselmo as a result of garnishment proceedings against defendants as garnishees in the sum of $7,217.85. The total credits allowed by the trial judge, 1. e., $9,000.00, included cash payments to Anselmo and payments to Anselmo’s creditors in excess of the amount of the purchase price withheld by defendants in connection with the purchase of the lounge from Anselmo.[1]
According to plaintiff, the trial judge erred in allowing defendants a credit or set-off against the amount owed to him, a holder in due course, for payments (on behalf of a prior holder) made by defendant subsequent to negotiation of the notes. The due date on the notes is January 1, 1976 and defendants paid, as garnishees, on behalf of Anselmo, the prior holder of the note, on December 23, 1975. It is plaintiff’s contention that as a holder in due course he takes the instruments free from the defense of payment made for the benefit of a prior holder.[2] Additionally, plaintiff claims the *369 trial judge erred in allowing an extra $1,000.00 credit to defendants for payments to Anselmo’s creditors of the lounge in excess of the amount withheld in the act of purchase. We find no merit to these contentions. Accordingly, we affirm.
Although not stated by the trial judge in written reasons for judgment, he obviously concluded that plaintiff was not a holder in due course. Under the commercial laws adopted by the legislature and effective January 1, 1975, a holder in due course is defined as a holder who takes the instrument for value and in good faith.[3] Other requirements are set forth but not pertinent to our discussion.
The circumstances surrounding plaintiff’s possession of the notes lead to a conclusion that plaintiff failed to establish the burden of showing that the notes were received for value.[4] Defendants in their answer claim that plaintiff had never given any value or consideration for the promissory notes. Anselmo and plaintiff explain that in September 1975, after Anselmo’s sale of the lounge to defendant, they borrowed $14,-000.00 from Lucky Coin Amusement Company to be used by them in a joint venture in connection with the opening of another lounge and used Anselmo’s notes as collateral for that loan. The business subsequently went bankrupt and apparently the Lucky Coin satisfied the indebtedness from assets, fixtures and equipment from the bankrupt business.
Anselmo testified that he did not receive any cash from the Lucky Coin Amusement Company loan but that the $14,000.00 went into the business. In earlier testimony, Anselmo unconvincingly stated that he gave the two notes to Stone in connection with the $14,000.00 loan. Regarding this transaction, in answer to the question;
(Q) “You and Mr. Stone made a partnership agreement between you?”
Anselmo replied:
(A) “Right. He took the note. I sold ah, turned them over to Mr. Stone.”
The circumstances considered, we conclude that because plaintiff failed to establish that value was given for the notes sued on, plaintiff is not a holder in due course. Consequently, defendants are entitled to assert all valid defenses against the plaintiff. This includes the defense of payment, as garnishee under the garnishment, to a creditor of the payee (Anselmo) for an unrelated obligation.
The trial judge in oral reasons stated that he was “satisfied” that Duvigneaud did, in fact, pay the $7,217.85 for the payee’s benefit in the garnishment proceedings. The record supports the factual conclusions of the trial judge and we find no error. Accordingly, we conclude that defendants are entitled to this set-off in the amount of $7,217.85.
The record also supports the additional amount allowed by the trial judge bringing *370 the total set-off to $9,000.00. Duvigneaud testified that Anselmo received the difference between $8,000.00 and the amount paid on the garnishment.' Duvigneaud stated also that he had paid on accounts payable an amount in excess of that withheld by him at the time of the purchase. According to Duvigneaud when these amounts paid to Anselmo, and for Anselmo’s benefit, are added no amounts are owed to Anselmo on the notes. While not accepting the total amount claimed by Duvigneaud, the trial judge permitted this additional credit of $1,000.00. We cannot say the trial judge erred.
The judgment is affirmed.

AFFIRMED.

. The lounge was purchased by Star Amusement Inc. on Sept. 24, 1975 for the sum of $45,000. $25,000 cash was paid to Anselmo and the two promissory notes, each in the sum of $5,000, subject to these proceedings, were given to Anselmo. For the balance of the purchase price Star Amusement agreed to pay $5,000 representing the balance owed on an automobile purchased by Anselmo and withheld the sum of $5,000 for payment of any accounts payable on the purchased lounge.

. R.S. 10:3-305 reads as follows:
“§ 3-305. Rights of a holder in due course. To the extent that a holder is a holder in due course he takes the instrument free from (1) all claims to it on the party of any person; and
*369 (2) all defenses of any party to the instrument with whom the holder has not dealt except
(a) minority, to the extent that it is a defense to a simple contract; and
(b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation an absolute nullity; and
(c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and
(d) discharge in insolvency proceedings; and
(e) any other discharge of which the holder has notice when he takes the instrument.”

. R.S. 10:3-302(1) reads as follows:
“§ 3-302. Holder in due course.
(1) A holder in due course is a holder who takes the instrument
(a) for value; and
(b) in good faith; and
(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.”

. R.S. 10:3-307(3) provides:
“§ 3-307. Burden of establishing signatures, defenses and due course.

(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course.”